UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kimberly Crisler,<br><br>Plaintiff,<br><br>vs.<br><br>Como Law Firm, P.A.,<br><br>Defendants. | Civil Action No. _____<br><br><br>**COMPLAINT AND DEMAND FOR**<br><br>**JURY TRIAL** |

### PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff Kimberly Crisler, an individual consumer, against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and Telephone Consumer Protection Act, 47 U.S.C. 227 *et seq.*

### JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

4. This action arises out of the Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (hereinafter "TCPA").

5. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

6. Plaintiff Kimberly Crisler (hereinafter "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant, Como Law Firm, P.A. (hereinafter "Defendant"), is a professional association, organized under the Laws of Minnesota, operating from an address of: 1543 Como Ave #102, St Paul, MN 55108.

8. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff allegedly incurred a financial obligation with a creditor as that term is defined by 15 U.S.C. § 1692a(4).

10. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

11. Sometime on or before November 10, 2015, the alleged debt was consigned, placed, sold, assigned or otherwise transferred to Defendant for collection from Plaintiff.

12. On or about November 10, 2015, an agent of Defendant (hereinafter "Defendant" or "Debt Collector") called Plaintiff on her cellular telephone and left a voice

message. Debt Collector stated that he was a "legal assistant" calling on behalf of Defendant and that Plaintiff should return his call.

13. This November 10th phone call came from the phone number (651) 641-0443.

14. During the November 10th phone call, Debt Collector did not indicate that he was a debt collector or that the call was an attempt to collect a debt and that any information obtained from Plaintiff would be used for that purpose.

15. On November 16, 2015 Debt Collector called Plaintiff on her cellular telephone a second time and left another voice message. This voice messages was saved, recorded and transcribed:

> Hi this is Paul Thomas, legal assistant debt collector with Como Law Firm. I do need you to return my call please at (651) 641-0443, my extension 8905, or if it helps, toll free at (888) 201-6031, again extension 8905. Thank you. Return the call.

16. Since receiving the two calls from Defendant, Plaintiff has not received a validation notice from Defendant.

17. By calling Plaintiff directly, and not indicating that the calls were an attempt to collect a debt and that any information obtained would be used for that purpose, Defendant violated 15 U.S.C § 1692e(11).

18. Defendant violated 15 U.S.C. § 1692g by failing to send Plaintiff a validation notice within five days of the initial communication.

19. Defendant violated 15 U.S.C. § 1692e *preface* generally, and 15 U.S.C. § 1692e(10) specifically, because Defendant used false, deceptive, and misleading representations in connection with its collection of Plaintiff's alleged debt.

20. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses, such as, attorney's fees, as a result of Defendants' acts and omissions.

## Respondeat Superior Liability

21. The acts and omissions of Defendant's employees who were employed as agents by Defendant, and who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

22. The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities the agents were authorized to perform by Defendant in collecting consumer debts.

23. By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, Defendant.

24. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this alleged debt from Plaintiff.

## **TRIAL BY JURY**

25. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

26. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

27. The foregoing acts of Defendant and its agent Debt Collector constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

28. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

29. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

### COUNT II.

### VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ.

30. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

31. At all times relevant hereto, Defendants used, controlled and or operated "automatic telephone dialing systems" as defined by § 227(a)(1) of the TCPA.

5

32. The foregoing acts and omissions of Defendants constitute negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

33. As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory that Defendants' conduct violated the FDCPA and injunctive relief;

- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendants;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendants, for Plaintiff herein;

- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendants herein in an amount to be determined at trial; and

- For such other and further relief as may deem just and proper.

## COUNT II: TCPA VIOLATIONS

- As a result of Defendants' negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

- Any and all other relief that the Court deems just and proper.

Dated: November 24, 2015.                    **MARSO AND MICHELSON, P.A.**

By: ___s/Blake R. Bauer_____

Blake R. Bauer (Bar No: 0396262)
Marcus J. Hinnenthal (Bar No: 0386756)
Attorneys for Plaintiff
Marso & Michelson, P.A.
3101 Irving Avenue South
Minneapolis, Minnesota
Telephone: 612-821-4817
Fax: 612-821-4826
Email: blake.bauer@outlook.com
Email: mhinnenthal@marsomichelson.com